OPINION
The Columbus Show Case Company, plaintiff-appellant, commenced an action in the Franklin County Court of Common Pleas against ABF Freight System, Inc. and Burnham Service Company, Inc., defendants-appellees, on December 31, 1997. Plaintiff sought damages for goods that it shipped through defendants that were either not delivered and lost or damaged during shipment. The total damages sought were $32,137.64. The shipments occurred during portions of 1994 and 1995. Plaintiff advanced two theories for recovery of the damages. First, that there was a breach of contract and, second, that there was negligence.
Defendants, who are common carriers, denied liability and advanced, among other defenses, a time limitation for bringing the lawsuit which according to defendants had expired.
Defendants served a motion for summary judgment based upon the fact that more than two years and one day had elapsed since plaintiff's claims for damages had been rejected by defendants. Plaintiff filed a motion for partial summary judgment seeking a holding that its time to bring the action had not expired.
The trial court granted defendants' motion for summary judgment and denied plaintiff's motion for partial summary judgment.
Plaintiff appeals, asserting two assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY OVERRULING PLAINTIFF-APPELLANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY SUSTAINING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
The resolution of both of these assignments of error depend upon the same issue which is whether a standard contract statute of limitations of either six years or fifteen years applies, or whether the two year and one day limitation of action contained in ABF's Interstate Commerce Commission National Motor Freight Classification NMF100-U Tariff ("tariff") applies.
Many of the facts pertinent to this appeal are not in dispute. Plaintiff used defendants as a common carrier for goods that plaintiff was shipping during 1994 and 1995. Twenty-one of the twenty-six shipments during this period were made before January 26, 1995, the time in which the parties entered into a standard transportation services agreement according to an undisputed affidavit of an employee of plaintiff. All shipments, both before and after entering into the standard transportation services agreement, were made using plaintiff's Straight Bill of Lading.
Plaintiff timely filed damage claims with defendants for losses claimed to be suffered by it as a result of defendants either losing or damaging the materials which were shipped. Of the claims that were denied, the last written denial was dated August 24, 1995. The present action was instituted December 31, 1997, approximately two years and four months after denial of the last damage claim.
At all relevant times hereto, ABF had filed with the Interstate Commerce Commission its tariff. A pertinent provision of that tariff reads as follows:
 Suits for loss, damage, injury or delay shall be instituted against any carrier no later than two years and one day from the day when written notice is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts of the claim specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier shall be liable, and such claims will not be paid.
Paragraph four of the Terms and Conditions section of the Standard Transportation Service Agreement entered into between the parties on January 26, 1995 provides in part that: "ABF will investigate and dispose of cargo loss and damage claims like a common carrier as set forth in 49 C.F.R. Part 1005, and ICC NMF100 Series Items 300100 through 300155." These provisions contain no reference to a two year and one day limitation period.
Columbus Show Case's Uniform Straight Bill of Lading used for all the shipments provides that shipments are "RECEIVED, subject to the classification and tariffs in effect on the date of issue of this Bill of Lading."
The issue is whether Columbus Show Case Company is bound by the limitation of actions section of two years and one day for the claims at issue in this suit.
There are claims involving two periods. The first period is for claims of shipments made prior to January 26, 1995 before the parties had entered into the Standard Transportation Services Agreement. The second period is for claims of shipments after the Standard Transportation Services Agreement had been entered into between the parties on January 26, 1995.
The situation during the first period prior to the execution of the Standard Transportation Services Agreement was that Columbus Show Case used its own Uniform Straight Bill of Lading in which in small print at the bottom it is stated as follows: "RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading." As previously noted, the tariff filed by ABF contained the two-year, one-day limitation of action provision. However, according to affidavits submitted by plaintiff's employees, they had no actual knowledge or notice of the two years and a day time limitation because defendants had not provided that information to plaintiff and they had not seen the tariff which defendant had filed containing that provision.
The question is whether there is constructive notice of the limitation period based upon the reference in plaintiff's Uniform Straight Bill of Lading that the shipment is subject to the classifications and tariffs in effect on the date of issue of the Bill of Lading.
There are distinctions between two types of provisions that may be contained within the terms of a tariff properly filed with the Interstate Commerce Commission. These types of provisions are mandatory and non-mandatory. Mandatory provisions include those which are required by law. A typical example is a rate figure which a carrier may charge a shipper. Non-mandatory provisions are those which are not required by the Interstate Commerce Act or rules promulgated thereunder but are still permitted by law. Time provisions upon the shipper's filing of loss or damage claims are not required by law. They are non-mandatory provisions. Comsource Independent FoodserviceCompanies, Inc. v. Union Pacific Railroad Company (1996),102 F.3d 438, 443; certiorari denied (1997), 520 U.S. 1229.
In Comsource, summary judgment was denied to a common carrier whose tariff contained the same time limitation as in the instant case even though the suit was not filed within that time period, holding that the limitation was not applicable unless the shipper had reasonable notice of the limitations in the tariff provision. The court held that the mere fact that it is included within the filed tariff and the Bill of Lading provided by the shipper makes general reference toward to the tariff is not sufficient to constitute reasonable notice. The Comsource court quoted from the case of State Farm Fire Casualty v. United VanLines (1993), 825 F. Supp. 896, stating that "the caselaw is unclear on the exact parameters of the required notice." TheComsource court stated that holdings in related cases offer specific guidelines:
 * * * Courts have considered the following factors: whether the provision in the tariff was "specifically brought to the shipper's attention," Encyclopedia Britannica, 422 F.2d at 14; the shipper's "sophistication, abundant experience, or extensive prior dealings with a carrier[,]" Carmana Designs v. North Am. Van Lines, 943 F.2d 316, 321 (3d. Cir. 1991); whether the shipper "drafted the contract and directly negotiated its terms[,]" Hughes Aircraft, 970 F.2d at 612; and whether the tariff provision was specifically reproduced in the bill of lading, State Farm, 825 F. Supp. at 901. [Comsource at 444.]
There is a genuine issue of fact in this case whether there was reasonable notice of the time limitation provision in the tariff. According to the affidavit of plaintiff's employee, defendants did not specifically bring the tariff provision to the attention of plaintiff; the tariff provision was not specifically reproduced in the Bill of Lading; and plaintiff claims that there was no actual knowledge of the provision. On the other hand, plaintiff used a Bill of Lading which it had drafted stating that shipment was received subject to the tariff. Plaintiff appears to be a sophisticated shipper with extensive prior dealings with defendants and it is alleged that it is commonly known by experienced shippers that carriers include a minimum limitations period in their tariffs.
There is a genuine issue of fact concerning whether plaintiff had reasonable knowledge of the non-mandatory provision contained in defendants' ICC tariff. Summary judgment was not properly granted as the circumstances presented in the materials properly submitted with the summary judgment motions give rise to a genuine issue of fact about whether plaintiff had reasonable notice of the time limitation provision in the tariff.
The first assignment of error is overruled. The second assignment of error is sustained. The case is remanded to the trial court with instructions to overrule defendants' motions for summary judgment and to conduct a trial on the merits of the claims.
Judgment affirmed in part and reversed in part;and cause remanded with instructions.
 ________________________________ McCORMAC, PRESIDING JUDGE
DESHLER and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.